IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-01317-MSK

BETTY F. MAXWELL,

   Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP,

   Defendant.

---

## ORDER REMANDING ACTION

---

  **THIS MATTER** comes before the Court *sua sponte*.

  This action was initiated by Plaintiff Betty F. Maxwell in the District Court, Fremont County, Colorado on April 8, 2011. The summons and complaint were served on Defendant BAC Home Loans Servicing, LP ("BAC, LP") on April 28, 2011. On May 18, 2011, BAC, LLC filed a Notice of Removal **(#1)** to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.

  A party asserting federal subject-matter jurisdiction based on diversity must plead sufficient facts to demonstrate that the requirements of § 1332 are met—that complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1); *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). The removing party must point to specific facts supporting this assertion, either in the initial pleading or on the Notice of Removal. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Ashcroft v. Iqbal*,

1

129 S.Ct. 1937, 1949–50 (2009) (conclusory assertions insufficient to plead specific facts).

In the Notice of Removal, BAC, LP acknowledges that the citizenship of a limited partnership is determined by the citizenship of its partners.  It lists the partners of BAC, LP as BANA LP, LLC and BAC GP, LLC.  The Notice, however, does not take the next step and state the citizenship of BANA LP, LLC and BAC GP, LLC.[1]  Like a partnership, the citizenship of a limited liability companies is determined by the citizenship of its members.  *See*, *e.g.*, *Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F.Supp.2d 1245, 1248 (D. Kan. 2001).  Neither the Notice of Removal nor the Complaint identifies the members of BANA LP, LLC or BAC GP, LLC or the states in which the members are citizens. Thus, BAC, LP has failed to adequately show complete diversity of the parties for purposes of § 1332(a)(1).

Accordingly, the Court finds that it lacks subject-matter jurisdiction over this action. Pursuant to 28 U.S.C. § 1447(c), the action is remanded to the District Court, Fremont County, Colorado.  The Clerk of the Court shall transmit the entire case file to the Court Clerk, Fremont County, Colorado and shall close this case.

Dated this 19th day of May, 2011

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

---

[1] The Notice of Removal does states that the principal place of business of an unidentified "Trust" is in Wilmington, Delaware.  The relevance of such information, however, is unclear as there is no explanation as to the entity itself or its relationship to this case.